> Where the purchaser on a resale under a mortgage foreclosure judgment had full notice, before he made the bid, that it was claimed that after-acquired property was not covered by the mortgage and that third persons claimed to own the same, the purchaser's assignee could not complain because the court, on motion to compel a conveyance to them of the property alleged to be covered by the mortgage, refused to determine the ownership of the after-acquired property.

> [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 554.*]

Appeal from Special Term, Otsego County.

Action by the Knickerbocker Trust Company, as trustee, against the Oneonta, Cooperstown & Richfield Springs Railway Company and another. From an order denying a motion to compel the conveyance to the Otsego & Herkimer Railroad Company, the assignee of Joseph A. Starrett, the purchaser on resale of the mortgaged property, the assignee appeals. Affirmed.

See 116 App. Div. 78, 101 N. Y. Supp. 241.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEW-ELL, and COCHRANE, JJ.

Henry C. Henderson, for appellant.
Julius Henry Cohen, for respondent.

CHESTER, J. The order appealed from denied a motion made at the foot of the decree to compel a conveyance to the appellant of certain property alleged to be covered by the lien of the mortgage foreclosed. The facts are complicated; but, when those that are material are stated, the correctness of the order appealed from seems apparent. The action was brought by the plaintiff, as trustee, to foreclose a mortgage given to secure certain bonds. The action resulted in a judgment of foreclosure and sale against the defendant the Oneonta, Cooperstown & Richfield Springs Railway Company. A sale was had thereunder, and Henry W. Bean, as chairman of a reorganization committee, bought in the property covered by the mortgage for the sum of $960,000. He paid on his bid the sum of $50,000, and deposited with the referee 1,135 $1,000 bonds secured by the mortgage foreclosed, and the referee thereupon delivered his deed of the mortgaged property to Bean, and he was let into possession thereof. Thereafter he and his associates organized a new company, known as the Oneonta & Mohawk Valley Railroad Company, to whom the property was conveyed. This new company operated the road for a period of over two years, during which time it purchased certain property, rights, and franchises which are the subject of this appeal. This subsequently acquired property was mortgaged to the Colonial Trust Company, which is now the Trust Company of America, as security for certain money loaned to the reorganization committee. It appears that Bean, as chairman of the reorganization committee, thereafter failed to pay the full

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amount of his bid for the property, and the property was, because of such failure and pursuant to a provision in the judgment, retaken by the court and again put up for sale. It was resold on the 9th day of October, 1908, and on the resale said Joseph A. Starrett was the purchaser. It appears that he represented the minority bondholders under the Knickerbocker Trust Company mortgage, which was foreclosed, and that they have since formed a new railroad company, known as the Otsego & Herkimer Railroad Company. When the property was put up for resale, and prior to its being struck off to Starrett, a notice was read to the effect that the property now in dispute was not included in the mortgaged property, but that it was the property of the Oneonta & Mohawk Valley Railroad Company, and subject to the claims of the mortgage and general creditors of that company. A full description of such property was given in the notice. After such notice the mortgaged property was struck down to said Starrett for $200,000, and he has paid the amount of his bid. A conveyance has been made to him by the referee on the sale, following the exact terms of the mortgage.

It is claimed on this appeal that the newly acquired property was a part of the railway property, and included in its appurtenances under that term as used in the description of the mortgaged property. The question to be determined here is whether the court should determine this very important controversy as to the title of this after-acquired property upon affidavits in a summary way on a motion, or whether it should be left to be determined by an action in which all the parties would be before the court, and when all their rights and equities could be considered and protected. It seems to us clear, from the mere statement of the facts, that matters of the importance of those involved here cannot properly be determined in this summary way upon a motion. The purchaser on the resale and his assignees cannot complain of this course, because he had full notice before he made his bid that it was claimed that the after-acquired property was not covered by the mortgage under which the sale was had, and that other parties claimed to own the same, or had rights and interests therein. While some of these other parties appeared to be represented by an attorney on this appeal, yet they are not parties to the action, and it is questionable if they would be bound by any determination made upon this motion.

We think, therefore, that the motion was properly denied, and that the order should be affirmed, with $10 costs and disbursements. All concur.